UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 25, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | GRAND JURY ORIGINAL |
| DAVID FLOYD, | : | VIOLATIONS: |
| | : | 21 U.S.C. § 846 |
| Defendant. | : | (Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine) |
| | : | FORFEITURE: |
| | : | 21 U.S.C. §§ 853(a), (p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From on or about June of 2020, to on or about November 9, 2021, within the District of Columbia, the United States Virgin Islands, Puerto Rico, and elsewhere, **DAVID FLOYD,** did knowingly and willfully combine, conspire, confederate and agree together, and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and the said mixture or substance was 500 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

**(Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine**, in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

Matthew M. Graves
Attorney of the United States in
and for the District of Columbia.