UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case. No. 21-cr-666 (TNM) |
| | : | |
| | : | Under Seal |
| DAVID FLOYD, | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM
IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its request that defendant David Floyd be detained pending trial pursuant to 18 U.S.C. §§ (f)(1)(B) [Maximum Sentence Life]; 3142(f)(1)(C) [Serious Drug Felony]; and (f)(1)(D) [Convicted of Two Felony Drug Offenses]. There is a rebuttable presumption that no conditions or combinations of conditions can effectively ensure the defendant's appearance in this case and otherwise protect the community, pursuant to 18 U.S.C. § 3142(e)(3)(A). The government respectfully requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**Procedural History**

On November 9, 2021, the defendant was charged by indictment with one count of conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine, pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846, Case No. 21-cr-666 (TNM). The charged offense carries a mandatory-minimum sentence of five years imprisonment and a maximum sentence of 40 years imprisonment, however, the defendant appears to have at least two

1

felony serious drug convictions and therefore, he faces a sentence of not "less than 10 years and not more than life imprisonment," pursuant to 21 U.S.C. § 841(b)(1)(B). The drug conspiracy spans over 17 months, from June of 2020 to November 10, 2021.

On November 10, 2021, the defendant was arrested in a residence he stays at with his companion in Capital Heights, Maryland on an arrest warrant issued out of the United States District Court for the District of Columbia by Magistrate Judge Robin M. Meriweather, in connection with the criminal indictment noted above. The defendant made his appearance on November 10, 2021, before Magistrate Judge Robin M. Meriweather. The Court held the defendant pursuant to 18 U.S.C. § 3142(f)(1)(C) because the offense is a serious drug felony.

Based on the nature and circumstances of the offense, the strength of the evidence, the defendant's history and characteristics, and the danger to the community, the government respectfully requests that the Court hold the defendant without bond pending trial to ensure the safety of the community, as he cannot overcome the rebuttable presumption in favor of detention.

## I.     Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. *Id*.; *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since

the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *Smith,* 79 F.3d at 1210, *see* also *Williams,* 798 F. Supp. at 36.

Pursuant to 18 U.S.C. §§ 3142(e)(3)(A), there exists a rebuttable presumption that no conditions or combinations of conditions can effectively ensure the defendant's appearance in this case and otherwise protect the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain a defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). In consideration of these factors, along with the applicable rebuttable presumption, the government respectfully submits that there is no condition, or combination of conditions, that would assure the safety of the community or the defendant's appearance at future proceedings.

**A.      Nature and Circumstances of the Offenses Charged**

Since the beginning of 2021, the Homeland Security Investigations (HSI), the United States Postal Inspector Service (USPIS), and the Metropolitan Police Department (MPD), have been conducting a large-scale narcotics, illegal firearms offenses, and money laundering investigation into a drug trafficking organization (DTO) that was led by the defendant which obtained multi-kilogram quantities of cocaine from the United States Virgin Islands and other areas, and then distributing the illegal narcotics in the Washington, D.C. area. Based on the investigation to date, law enforcement agents have identified at least two kilograms of cocaine that the defendant and

his brother Bennie Floyd[1] obtained in St. Thomas and on January 20, 2021, attempted to mail via the U.S. Postal Service to Washington, D.C. for later distribution. Law enforcement intercepted the packages before they arrived at their destination in Washington, D.C.

Specifically, On January 19, 2021, the defendant and Bennie Floyd flew via commercial airlines from the Washington, D.C. area to St. Thomas to obtain the kilograms of cocaine. Below are flight records for the defendant's travel.

**Exhibit 1**

```
01/17/21    PRICELINE.COM                         NORWALK           CT              $394.20
            AMERICAN AIRLINES
            From:              To:                Carrier:    Class:
            WASHINGTON NATIONA CHARLOTTE          AA          Y
                               ST THOMAS CYRIL E  AA          Y
            Ticket Number: 00176191502314         Date of Departure: 01/19
            Passenger Name: FLOYD/DAVID
            Document Type: PASSENGER TICKET

                                                                  Continued on next page

                                                        CI-8PZ1Y AMEX000067
```

Additionally, the defendant and Bennie Floyd rented an automobile while in the St. Thomas airport, and then were observed leaving the airport destined for the rental car; the defendant is in the turquoise shirt and Bennie Floyd is behind the defendant in black clothing in Exhibit 2, below.

---

[1] Bennie Floyd was charged in 21-cr-200 (TNM), pled guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine, pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846, and on November 1, 2021, was sentenced to 72 months imprisonment by United States District Court Judge for the District of Columbia Trevor N. McFadden.

Exhibit 2



On January 20, 2021, after obtaining the two kilograms of cocaine on St. Thomas, the defendant and Bennie Floyd mailed two packages from the St. Thomas post office, to addresses in Washington, D.C.

Exhibit 3

Exhibit 4





**Bennie Floyd mailing the cocaine**

**The defendant driving Bennie Floyd to the St. Thomas post office to mail the cocaine**

The United States Customs and Border Protection intercepted the two packages before they left the Caribbean; the substances were analyzed by a forensic chemist and determined to be cocaine HCL, and weighted over two kilograms.

**Exhibit 6**



Package 1



Package 2

Additionally, through the investigation, law enforcement obtained text messages between the defendant and his cocaine supplier in St. Thomas, three days before the defendant attempted to mail the two kilograms of cocaine to Washington, D.C., from St. Thomas. As detailed in the below text message, the defendant ordered two kilograms of cocaine.

**Exhibit 7**

The defendant's telephone:



St. Thomas cocaine trafficker's response:

      On October 7, 2021, the Honorable Colleen Kollar-Kotelly, United States District Court Judge for the District of Columbia authorized the wire and electronic interceptions of communications from the defendant's telephone for a 30-day period. A sampling of communications are summarized below which establish that even after the two kilograms of cocaine were seized by law enforcement, the defendant continued to distribute illegal substances.

On October 12, 2021, a drug customer asked the defendant for crack-cocaine:

**Drug Customer #1:** "You—you bring me rocks? Can you bring me rocks out, please? Need some more… just more little rocks, now. I'm in the alley…
**The defendant:** "Yeah, I'll see you in a little while."

7

On October 14, 2021, another drug customer asked the defendant for crack-cocaine:

**Drug Customer #2:** "…somebody tryin' to get a rock   though".
**The defendant:** "I ain't gon' be around for prob'ly about thirty (30), forty-five (45) minute, home boy.

On October 19, 2021, another drug customer asked the defendant for cocaine, referred to a "snowflakes":

**Drug Customer #3** "…talking 'bout snowflakes. Nah, uh-uh you know."
**The defendant**: A'ight…"

During the investigation, law enforcement conducted surveillance of the defendant and tracked his patterns. Law enforcement never observed the defendant go to a place of employment, and he appeared to be unemployed. On November 10, 2021, law enforcement executed several court-approved search warrants in a coordinated manner; one residence at 4719 Heath Street, Capitol Heights, Maryland, was where the defendant spent his evenings, and two other residences where he conducted his drug trafficking activities - 1609 Meigs Place, NE, and 3818 W Street, SE, Unit B. The defendant was arrested in the 4719 Heath Street, Capitol Heights location based on this Court's arrest warrant. Evidence of the defendant's drug trafficking was recovered inside these residences.

First, the defendant used 1609 Meigs Place, NE, as a location to distribute illegal narcotics, is owned by the defendant's mother, and is an address the defendant listed as his address, *see* the Pre-Trial Services Report at 1. Law enforcement observed the defendant travel to this address on an almost daily basis, and distribute illegal drugs from the residence. During the search of 1609 Meigs Place, law enforcement recovered $1,980 in U.S. Currency, approximately 700 grams of

8

marijuana, over 300 grams of Khat[2], packaging materials used to distribute illegal narcotics, and the residence was secured with a security system.

Second, the residence at 3818 W Street, SE, Unit B, was a residence rented by the defendant and a location he frequented on an almost daily basis, prior to going to 1609 Meigs Place, NE. During a search of the W Street location, law enforcement recovered $28,5000 in U.S. currency a loaded Glock 19, 9mm firearm, a scale for weighing drugs, a money counter, items used to distribute illegal drugs, and the defendant's passport and driver's license.  Third, during a search of the 4719 Heath Street, Capitol Heights, Maryland, law enforcement recovered over $3,000 in U.S. currency, personal items belonging to the defendant, and the cellular telephone that was the basis of Judge Kollar-Kotelly's court-approved wiretap.

Additionally, the defendant gave a post-arrest and Mirandized interview when he was arrested on or about November 10, 2021. The defendant admitted to traveling to St. Thomas in January of 2021, and identified himself in several photographs from video surveillance in St. Thomas, but minimized his role claiming that Bennie Floyd was the one who planned the drug transaction in St. Thomas.  In short, the nature and circumstances of this offense detailed above, including the substantial quantity of drugs involved in the conspiracy, the length of the conspiracy, and the recovery of a substantial amount of drugs, drug proceeds, and a firearm inside one of the defendant's residents weigh heavily in favor of detention.

**B.      Weight of the Evidence Against the Defendants**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor

---

2      The chemicals found in Khat are controlled under the Controlled Substances Act.   Cathine is a Schedule IV stimulant, and cathinone is a Schedule I stimulant under the Controlled Substances Act, meaning that it has a high potential for abuse, no currently accepted medical use in treatment in the United States, and a lack of accepted safety for use under medical supervision.

of detention. The evidence against the defendant is overwhelming.  As noted above, the defendant is captured on video with his brother mailing two kilograms of cocaine, there are wiretap communications where the defendant is discussing distributing illegal drugs, and the recovery of a substantial amount of drugs, drug proceeds, and a firearm inside one of the defendant's residents are compelling and weigh in favor of detention.

### C.   Defendants' History and Characteristics

The third factor, the history and characteristics of the person, weighs in favor of the defendants' detention.  According to the report provided by the Pretrial Services Agency (PSA), the defendant has nine prior convictions. Seven of the prior convictions involve illegal drugs, one is a firearms conviction, and one prior conviction is for assaultive behavior.  The defendant's first adult arrest for possession with intent to distribute illegal drugs occurred when he was 18 years old, the first conviction occurred when he was 20 years old, *see* PSA report at 5-6.  Since his first arrest, the defendant has been involved in the criminal justice system for the past 20 years, and based on these convictions is exposed to a potential sentence of a minimum-mandatory sentence of 10 years imprisonment with a maximum sentence of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(B) - not "less than 10 years and not more than life imprisonment."

Further, a substantial amount of drugs, U.S. currency, and a firearm were recovered from the defendant's residences.   Based on the investigation, including the wiretap interceptions, the defendant had a vibrant and lucrative illegal drug distribution operation and   traveled regularly and on short notice.  The defendant's apparent willingness to engage in a long-term drug-trafficking conspiracy with some co-conspirators still in the community should give this Court great concern about the danger he would pose to the community and the risk of flight if released.

10

**D.      Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by a defendant's release, also weighs in favor of the defendant's detention. The charged offenses involve conspiring to distribute and possess with the intent to distribute more than 500 grams of cocaine.   The seriousness of the offense and the danger of the community is shown by the fact that he is facing a mandatory minimum ten-year sentence and up to life imprisonment for the seized.   The government's evidence establishes that the defendant had a drug trafficker in the Caribbean, was assisted by others including his brother Bennie Floyd,  and the drug conspiracy was ongoing at the time of his arrest last week.

Given the above assessment of all four relevant factors including the defendant's repeated violation of criminal laws, no condition, or combination of conditions, can ensure that the defendant will comply with court orders and abide by appropriate release conditions. Furthermore, the defendant simply cannot rebut the presumptions applicable in this case in light of the facts of the instant case and his own history and characteristics.

**Conclusion**

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                Respectfully submitted,

                Matthew M. Graves
                United States Attorney
                D.C. Bar No. 481052

By:         /s/ Anthony Scarpelli
                Anthony Scarpelli
                D.C. Bar No. 474711
                Anthony.Scarpelli@usdoj.gov
                David Henek
                N.Y. Bar No. 519111
                555 4th Street, N.W
                David.t.henek@usdoj.gov
                Assistant United States Attorneys
                555 4th Street, N.W.
                Washington, D.C. 20530
                (202) 252-7103 (Scarpelli)
                (202) 252-7825 (Henek)